IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS BOWERS and<br>PORTIA JOHNSON,<br>　　Plaintiffs<br><br>V.<br><br>TRINITY GROVES, LARRY McGREGOR<br>PHIL ROMANO, STUART FITTS, and<br>JOHN DOES 1-5<br>　　Defendants<br>_____<br><br>TRINITY GROVES, LLC<br><br>　　Third Party Plaintiff<br><br>v.<br><br>ADVANTAGE VALET PLATINUM, LLC<br><br>　　Third-Party Defendant | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:21-cv-00411 |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

As permitted by Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs Thomas Bowers and Portia Johnson file this Second Amended Complaint within 21 days of service of Defendants' Rule 12(b) motion to dismiss, and would respectfully show as follows:

**I.
PARTIES**

1. Plaintiff THOMAS BOWERS is an individual who resides in Dallas, Texas.

2. Plaintiff PORTIA JOHNSON is an individual who resides in Dallas, Texas.

3. Defendant TRINITY GROVES, LLC is a business operating in the State of Texas and has appeared in this lawsuit.

4.     Defendant PHIL RAMANO is an individual who resides in Texas and will be served at his residence or place of business.

5.     Defendant LARRY McGREGOR is an individual who resides in Dallas, Dallas County, Texas, and has appeared in this lawsuit.

6.     Defendant STUART FITTS is an individual who resides in Dallas, Dallas County, Texas, and will be served at his residence or place of business.

7.     Third Party Defendant ADVANTAGE PLATINUM VALET, LLC is a business operating in the State of Texas and has appeared in this lawsuit.

## II
## JURISDICTION

8.     This action is brought pursuant to 42 U.S.C. § 2000a and 42 U.S.C. § 1981. The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States. Additionally, the Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367(a).

## III.
## VENUE

9.     Pursuant to 28 U.S.C. § 1391(a) venue is proper in the Dallas Division of the Northern District of Texas because all or a substantial part of the events and/or omissions giving rise to Plaintiffs' cause of action occurred in or around Dallas, Dallas County, Texas within geographical purview of this Court.

## IV.
## FACTUAL BACKGROUND

10.    During an evening in or about April 2018, Plaintiffs Thomas Bowers ("Mr. Bowers") arrived with Plaintiff Portia Johnson ("Ms. Johnson") at the property known as "Trinity

Groves" located at or near 331 Singleton Boulevard, Dallas, Dallas County, Texas 75212 with the intent to dine at one of the restaurants located at Trinity Groves.

11. Trinity Groves is a restaurant and parking lot complex near downtown Dallas that advertises and caters to the public.

12. Trinity Groves is owned and operated by Defendant Trinity Groves, LLC ("TG, LLC").

13. Both Mr. Bowers and Ms. Johnson are Black.

14. Upon their arrival at Trinity Groves, Mr. Bowers drove his Bentley luxury sedan to a valet stand located on the Trinity Groves property.

15. Mr. Bowers handed the keys to his Bentley sedan to the valet attendant, who gave Mr. Bowers a valet ticket and drove the car away, presumably to park it on the property.

16. Mr. Bowers and Ms. Johnson proceeded to have dinner at a restaurant located at Trinity Groves for approximately two hours.

17. When Mr. Bowers returned to the same valet stand later that night, he handed his ticket to a valet attendant.

18. The valet attendant retrieved Mr. Bowers' Bentley sedan and Plaintiffs entered the vehicle, drove home, and parked the vehicle in their locked garage.

19. The following morning, Plaintiffs realized that a pair of Gucci shades were missing from the vehicle. Further investigation days later revealed that many other items belonging to them that had been in the cabin, consoles, and trunk of the Bentley vehicle had also been stolen while the car was valeted.

20. Specifically, the items stolen from the vehicle included a laptop, Gucci sunglasses, various clothing items, a Rolex watch, and approximately $9,600 cash.

21. Mr. Bowers called and contacted the offices of TG, LLC on several occasions to complain. On one occasion, Mr. Bowers spoke with a female employee whose name he does not recall, who then escalated the matter to a manager of TG, LLC, a male. Upon information and belief, Mr. Bowers spoke with one of Defendants Larry McGregor, Phil Ramano, or Stuart Fitts.

22. The employee and manager at TG, LLC, each refused to return the items, compensate Plaintiffs for their losses, or assist Mr. Bowers with his claim, including refusing to provide a procedure for making a formal claim with TG, LLC or its insurer.

23. The employee and manager were incredibly rude and dismissive of Mr. Bowers.

24. During the call, Mr. Bowers articulated to the manager that he believed he was being discriminated against because he was a Black man and that each of the companies refused to believe his account because he was a Black man.

25. Also during the call, the manager provided Mr. Bowers the phone number of the valet company.

26. Mr. Bowers called the valet company (whom TG, LLC alleges is Third Party Defendant Advantage Valet Platinum, LLC ("Advantage")) and spoke with a manager at the valet company.

27. Mr. Bowers again explained that certain items had been stolen and demanded that the valet company return the items or compensate him for Plaintiffs' losses.

28. The valet company refused.

29. Mr. Bowers sought information in order to file a claim with the valet company or its insurance company, but the manager at the valet company refused to provide such information.

30. After the initial calls, Mr. Bowers made further follow up calls and communications with TG, LLC and the valet company in an attempt to obtain compensation for Plaintiffs' losses.

Neither TG, LLC nor the valet company agreed to compensate Plaintiffs for their losses. Neither company provided information to allow Plaintiffs to file a formal claim or a third-party insurance claim for their losses.

## V.
## THEFT UNDER THE TEXAS THEFT LIABILITY ACT
### (TG, LLC, Advantage, John Does 1-5)

31.     Plaintiffs incorporates the foregoing paragraphs in full.

32.     Employees or agents of TG, LLC and/or Advantage unlawfully appropriated the personal property of Plaintiffs with no intent to return the property.

33.     Plaintiffs placed their personal property in the custody of employees or agents of TG, LLC and/or Advantage.

34.     The employees or agents misappropriated the personal property with no intent to return the property.

35.     TG, LLC and/or Advantage and/or the agents (John Does 1-5) are legally responsible to third parties such as Plaintiffs for the unlawful conduct of their employees or agents while acting within the scope of their employment or agency.

36.     TG, LLC and/or Advantage have refused to return the property or compensate Plaintiffs for their losses.

37.     The acts of TG, LLC, Advantage, and John Does 1-5 pleaded herein proximately caused injuries and damages to Plaintiffs.

## VI.
## BREACH OF CONTRACT
### (TG, LLC and Advantage)

38.    Plaintiffs incorporate the foregoing paragraphs in full.

39.    Plaintiffs contracted with Defendants TG, LLC and/or Advantage to park and safeguard Plaintiffs' vehicle and their personal property contained therein.

40.    Plaintiffs delivered to Defendants TG, LLC and/or Advantage the vehicle and personal property and Defendants accepted the vehicle and personal property establishing the contract.

41.    Defendants TG, LLC and/or Advantage breached the contract with Plaintiffs by either stealing Plaintiffs' personal property or allowing the personal property to be stolen by third parties.

42.    The acts of TG, LLC and Advantage pleaded herein proximately caused injuries to Plaintiffs.

## VII.
## CONVERSION
### (TG, LLC, Advantage, and John Does 1-5)

43.    Plaintiffs incorporate the foregoing paragraphs in full.

44.    TG, LLC and/or Advantage and their employees or agents (John Does 1-5) unlawfully appropriated the personal property of Plaintiffs with the intent to deprive Plaintiffs the ownership of the property.

45.    Plaintiffs owned certain items of personal property as described more fully above.

46.    TG, LLC and/or Advantage, through each of their respective employees or agents, unlawfully and without authorization assumed and exercised control over Plaintiffs' personal

property by removing said property from Plaintiffs' vehicle to the exclusion of and inconsistent with Plaintiffs' rights as the owners of the property.

47. Plaintiffs demanded return of the personal property or compensation for the loss of the property.

48. TG, LLC and Advantage each refused to return the personal property items or compensate Plaintiffs for their losses.

49. The acts of TG, LLC, Advantage, and John Does 1-5 pleaded herein proximately caused injuries to Plaintiffs.

## VIII.
## NEGLIGENCE
### (TG, LLC and Advantage)

50. Plaintiffs incorporate the foregoing paragraphs in full.

51. TG, LLC and/or Advantage undertook a duty of care to safeguard the vehicle and all personal property inside when they accepted delivery of the vehicle and its contents, as described more fully above.

52. TG, LLC and/or Advantage breached each of their duties of care in failing to protect and keep safe the vehicle and the personal property contained in the vehicle by causing the personal property to be lost due to their respective actions or inactions.

53. The acts of TG, LLC and Advantage pleaded herein proximately caused injuries to Plaintiffs.

## IX.
## NEGLIGENT ENTRUSTMENT
### (TG, LLC and Advantage)

54. Plaintiffs incorporate the foregoing paragraphs in full.

55. TG, LLC and/or Advantage entered into a business in which they undertook a duty of care to safeguard the vehicle and all personal property inside when they accepted delivery of the vehicle and its contents, as described more fully above.

56. TG, LLC and/or Advantage breached each of their duties of care by entrusting third-party vehicles and personal property, specifically including Plaintiffs' vehicle and personal property, to the custody and control of persons who they knew or should have known would fail to protect and keep safe the vehicle and the personal property contained in the vehicle by causing the personal property to be lost due to their respective actions or inactions.

57. The acts of TG, LLC and Advantage pleaded herein proximately caused injuries to Plaintiffs.

## X.
## PREMISES LIABILITY
## (TG, LLC)

58. Plaintiffs incorporate the foregoing paragraphs in full.

59. In the alternative, assuming that the personal property was not stolen by an agent or employee of TG, LLC and Advantage, and was instead stolen by a third party, and that Plaintiff's losses were not caused solely by the acts of Defendants and/or Third Party Defendants, TG, LLC is liable as the owner and operator of Trinity Groves for premises liability.

60. Specifically, TG, LLC had a duty to persons parking their vehicles at Trinity Groves and storing their vehicles and their contents on the Trinity Groves property, whether directly or indirectly (through a valet), to maintain safe premises at which personal property is not likely to be stolen from the vehicles.

61.     TG, LLC breached its duty to Plaintiffs, who stored their personal property in a vehicle parked on the Trinity Groves premises, by failing to maintain safe premises as described above.

62.     Plaintiffs were invitees upon the Trinity Grove premises.

63.     TG, LLC exercised control over the Trinity Grove premises.

64.     The dangerous conditions of dark and poorly surveilled parking lots allowed Plaintiffs' personal property to be stolen from their vehicle.

65.     TG, LLC had constructive or actual knowledge of this dangerous condition.

66.     The acts of TG, LLC pleaded herein proximately caused injuries to Plaintiffs.

## XI.
## CIVIL RIGHTS VIOLATIONS
### (TG, LLC, Advantage, Larry McGregor, Phil Ramano, and Stuart Fitts)

67.     Plaintiffs incorporate the foregoing paragraphs in full.

68.     Under 42 U.S.C. § 2000a, Plaintiffs belong to a protected class, as they are both Black.

69.     TG, LLC owns and operates Trinity Groves.

70.     Defendants McGregor, Stuart, and Fitts are the owners, managers, employees, and/or agents of TG, LLC.

71.     Advantage is an agent of TG, LLC providing parking services at Trinity Groves to the general public.

72.     Trinity Groves is open to the general public and is a place of public accommodation that offers its restaurant services and parking services to the general public of all races and sexes.

73. Plaintiffs saw persons of other races parking at Trinity Groves parking facilities that were not having their property stolen from their vehicles or being treated in the racially discriminatory matter in which Plaintiffs were treated.

74. Plaintiffs Bowers and Johnson attempted to exercise the rights and full benefits of the parking services offered by TG, LLC and Advantage, but they were denied those benefits.

75. Such parking services were available to similarly situated persons outside the protected class who received full benefits or were treated better.

76. Specifically, among other things, Plaintiffs' property was stolen from their Bentley luxury vehicle and said property would not have been stolen from their vehicle if Plaintiffs were White.

77. Additionally, after Plaintiffs' personal property was stolen, Plaintiffs' claims of theft were not treated seriously because they were Black, but their claims would have been treated seriously if the claims had been made by White persons.

78. Under 42 U.S.C. § 1981, Plaintiffs belong to a protected class, as they are both Black. They contracted for valet/parking services with TG, LLC and/or Advantage.

79. Defendants intentionally discriminated against Plaintiffs on the basis of race as evidenced by the fact that Plaintiffs saw White persons being treated fairly, politely, had their property and cars safely returned, while Plaintiffs (as Black persons) did not.

80. Plaintiffs were deprived of the full value of those services because their property was intentionally stolen by TG, LLC and/or Advantage.

81. Plaintiffs were also deprived the full value of those services because they received the services in a markedly hostile manner which a reasonable person would find objectively discriminatory.

82. Further, Plaintiffs were discriminated against when Mr. Bowers attempted to seek recompense from TG, LLC and Advantage for Plaintiffs' losses.

83. TG, LLC and its manager (whether Defendant McGregor, Stuart, or Fitts) were rude and dismissive of Mr. Bowers because he was Black. TG, LLC refused to provide information to allow Plaintiffs to be made whole for their losses, which would not have been the response for a White customer of Trinity Groves.

84. Advantage likewise discriminated against Mr. Bowers because he was Black and refused to provide information for Plaintiffs to seek compensation for their losses through its insurer or otherwise. Mr. Bowers would not have been treated this way if he was White.

85. The acts of Defendants pleaded herein proximately caused damages and injuries to Plaintiffs.

## XII.
## VICARIOUS LIABILITY
## (TG, LLC and Advantage)

86. Plaintiffs incorporate the foregoing paragraphs in full.

87. On information and belief, the valet attendants responsible for the vehicle were either employees or contractors/authorized agents within the control of TG, LLC and/or Advantage at the time any of the above alleged acts occurred.

88. Advantage was an authorized agent within the control of TG, LLC.

89. On information and belief, Defendants McGregor, Fitts, Stuart are owners, officers, agents, and/or employees of TG, LLC and within its control.

90. Under Texas law, TG, LLC and Advantage bear vicarious liability for the acts and omissions of its agents, employees and officers under theories of actual authority, apparent

authority, vice-principal, and/or respondeat superior, as alleged herein, which proximately caused damages to Plaintiffs.

## XIII.
## DAMAGES

91.     Defendants' egregiously wrongful conduct resulted in and proximately caused injury to the Plaintiffs. Plaintiffs seeks damages in an amount within the jurisdictional limits of the Court to be determined by a jury.

## XIV.
## PUNITIVE DAMAGES

92.     Plaintiffs also seeks punitive and exemplary damages in order to punish and deter the outrageous conduct of all of the Defendants herein.

93.     Facts as alleged above will be proven by Plaintiffs' clear and convincing evidence that Defendants acted fraudulently and maliciously and either acted knowingly, intentionally, recklessly, or were grossly negligent in that, either by act or omission, they exposed Plaintiffs to an extreme degree of risk of harm, considering the probability, magnitude and extent of the harm that would likely impact them and which ultimately did.

94.     Further, Defendants had real, subjective awareness of the risks involved, but nevertheless proceeded with callous indifference to the rights, safety, and welfare of Plaintiffs, physically and psychologically.

95.     To the extent that this case arises out of criminal conduct committed by an unfit employee(s) or agent(s) of Defendants, Defendants are liable for exemplary damages because the agents were notably unfit; Defendants acted with malice in employing or retaining them and in

failing to supervise them; the employee or agent was employed in a managerial capacity and was acting in the scope of employment; and/or Defendants effectively ratified or approved their acts.

## XV.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

96. Plaintiffs herein claims interest in accordance with Texas Finance Code §304.001, et seq., 28 U.S.C. 1961, and any other applicable law.

## XVI.
## DEMAND FOR JURY TRIAL

97. Plaintiffs demand a jury trial and have tendered the appropriate fee.

## XVII.
## PRAYER

98. For these reasons, Plaintiffs asks that the Court issue citations for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants, jointly and severally, for all damages described herein, including, compensatory damages, actual damages, punitive damages, attorney's fees, cost of suit, interest as allowable by law and for such other relief, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: /s/ Thomas D Bowers
Thomas D. Bowers III
State Bar No. 24006881
6363 North State Highway 161, Ste 450
Irving, Texas 75038
Tel: 214-697-3733
Fax: 214-237-9002
bowersfirm@gmail.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the 26th day of March, 2021 by CM/ECF on all counsel of record.

                                            /s/ Thomas D. Bowers III
                                            Thomas D. Bowers III