IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BOWERS<br>and PORTIA JOHNSON<br><br>　　　Plaintiffs,<br><br>v.<br><br>TRINITY GROVES, LARRY<br>MCGREGOR, PHIL ROMANO, STUART<br>FITTS, and DOES 1-5<br><br>　　　Defendants<br><br>TRINITY GROVES, LLC<br><br>　　　Third-Party Plaintiff<br><br>v.<br><br>ADVANTAGE VALET PLATINUM, LLC,<br><br>　　　Third-Party Defendant. | §§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:21-cv-00411 |

**DEFENDANTS TRINITY GROVES, LLC AND LARRY MCGREGOR'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
<u>AND MEMORANDUM IN SUPPORT</u>**

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF THE ARGUMENT ................................................................................ 1

II. BACKGROUND ............................................................................................................. 1

III. RULE 12(b)(6) STANDARD ......................................................................................... 2

IV. ARGUMENTS AND AUTHORITIES ........................................................................... 3

    A. Plaintiffs fail to state a claim against TG for vicarious liability. ........................... 3

    B. Plaintiffs fail to state a claim against TG under the Texas Theft Liability Act. ............................................................................................................. 5

    C. Plaintiffs fail to state a claim against TG for breach of contract. .......................... 6

    D. Plaintiffs fail to state a claim against TG for conversion. ...................................... 7

    E. Plaintiffs fail to state a claim against TG for negligence. ....................................... 7

    F. Plaintiffs fail to state a claim against TG for negligent entrustment. ..................... 8

    G. Plaintiffs fail to state a claim against TG for premises liability. ............................ 9

    H. Plaintiffs fail to state a claim against McGregor or TG for violation of § 2000a. ................................................................................................................... 11

    I. Plaintiffs fail to state a claim against McGregor or TG for violation of § 1981 ..................................................................................................................... 12

V. ATTORNEY FEES ........................................................................................................ 13

VI. CONCLUSION .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alta Mesa Holdings, L.P. v. Ives*,
    488 S.W.3d 438 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ...................................6

*Ashcraft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................2, 3

*Campbell v. Wells Fargo Bank, N.A.*,
    781 F.2d 440 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986)............................................2

*Cavazos v. Bettis*,
    SA-20-CV-00761-XR, 2020 WL 6325728 (W.D. Tex. Aug. 25, 2020) ...............................8, 9

*Christiana Tr. v. Riddle*,
    911 F.3d 799 (5th Cir. 2018) ....................................................................................................4

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ....................................................................................................3

*Cypress Creek EMS v. Dolcefino*,
    548 S.W.3d 673 (Tex. App.—Houston [1st Dist.] 2018, pet. denied)......................................7

*Dixon v. Hous. Raceway Park, Inc.*,
    874 S.W.2d 760 (Tex. App.—Houston [1st Dist.] 1994, no writ)............................................9

*Fahim v. Marriott Hotel Services, Inc.*,
    551 F.3d 344 (5th Cir. 2008) ..................................................................................................11

*Fairley v. PM Mgmt.-San Antonio AL, L.L.C.*,
    724 Fed. Appx. 343 (5th Cir. 2018)........................................................................................11

*Gatten v. McCarley*,
    391 S.W.3d 669 (Tex. App.—Dallas 2013, no pet.)...............................................................10

*Gebru v. Sears, Roebuck & Co.*,
    No. CIV A 3:07CV2076-AH, 2009 WL 2705508 (N.D. Tex. Aug. 28, 2009) .......................11

*Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*,
    No. 3:02-CV-0127-M, 2002 WL 550450 (N.D. Tex. Apr. 11, 2002) ......................................2

*Holloway v. Brinker Texas, Inc.*,
    No. 4:07-CV-1986, 2008 WL 11503871 (S.D. Tex. Aug. 14, 2008) .....................................11

*Ibanez v. Compass Bank*,
   CIV.A. M-12-68, 2012 WL 4434454 (S.D. Tex. Sept. 24, 2012) ..........................7, 8

*Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary LP*,
   48 Fed.Appx. 103 (5th Cir. 2002)..........................................................................12

*NA Ins. Services Holding Corp. v. HILB Group of Indiana, LLC*,
   4:17CV600-ALM-KPJ, 2017 WL 5476797 (E.D. Tex. Oct. 23, 2017) ...................5

*Naiman v. Freedom Forever, LLC*,
   No. 19-cv-00256-JSC, 2019 WL 1790471 (N.D. Ca. Apr. 24, 2019) ......................4

*Phillips v. Copeland*,
   01-12-00492-CV, 2013 WL 1932179 (Tex. App.—Houston [1st Dist.] May 9,
   2013, no pet.) ...........................................................................................................5

*Schakosky v. Client Services, Inc.*,
   634 F.Supp.2d 732 (E.D. Tex. 2007).......................................................................4

*Smit v. SXSW Holdings, Inc.*,
   903 F.3d 522 (5th Cir. 2018) ..............................................................................9, 10

*Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*,
   753 Fed. Appx. 184 (5th Cir. 2018).......................................................................13

*Tyler v. Citi-Residential Lending Inc.*,
   812 F. Supp. 2d 784 (N.D. Tex. 2011) ....................................................................6

**Statutes**

42 U.S.C. § 1981................................................................................................12, 13

42 U.S.C. § 2000a-3.................................................................................................11

42 U.S.C. § 2000a Title II...................................................................................11, 12

42 USC §§ 2000a and 1981 .......................................................................................1

Texas Theft Lability Act............................................................................................5

Texas Theft Liability Act..............................................................................2, 3, 5, 13

**Other Authorities**

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
   PROCEDURE § 1356 (3d ed. 2004)............................................................................2

FRCP 8.......................................................................................................................2

**DEFENDANTS TRINITY GROVES, LLC AND LARRY MCGREGOR'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), Larry McGregor and Trinity Groves, LLC ("TG") improperly named as "Trinity Groves" (together, "Defendants"), file this motion to dismiss Thomas Bowers and Portia Johnson's (together, "Plaintiffs") Second Amended Complaint ("Complaint").

## I. SUMMARY OF THE ARGUMENT

1. Plaintiffs seek damages for the alleged theft and conversion of property from Bowers' vehicle while it was in the custody of Third-Party Defendant Advantage Valet Platinum, LLC ("Advantage"). Plaintiffs allege, without any supporting facts, that TG is vicariously liable for the actions of Advantage and/or Advantage's employees, and that TG participated in the theft and conversion from Plaintiffs' vehicle while it was valeted by Advantage. Plaintiffs also allege, without stating any viable supporting facts, that TG breached a contract, was negligent, is liable for negligent entrustment and premises liability, and that TG and McGregor violated Plaintiffs' civil rights. Because Plaintiffs' Complaint falls well below the federal pleading standards, the Court should dismiss all of Plaintiffs' claims against McGregor and TG.

## II. BACKGROUND

2. According to the Complaint,[1] this case arose from an incident in April 2018, when "a valet attendant" valeted Bowers' vehicle at "Trinity Groves." *See* Doc. 7 at ¶¶10-12. Plaintiffs allege:

---

[1] Prior to this Complaint, Plaintiffs failed to allege what items were removed from Bowers' vehicle, which "defendant" removed them, or the identity of the "valet provider." *See* Doc. 1-1, Exhibit A and Exhibit U. As set forth in Defendants' Third-Party Petition, the valet company is Advantage Valet Platinum, LLC. Doc. 1-1, Exhibit K. On February 26, 2021, Plaintiffs amended their state court petition and added civil rights claims for violations of 42 USC §§ 2000a and 1981. *See* Doc. 1-1, Exhibit U. On February 26, 2021, McGregor and TG removed the case to this court. Rec. Doc. 1. On March 5, 2021, McGregor and TG moved to dismiss Plaintiffs' claims for failure to state a claim to

1

> Mr. Bowers handed the keys to his Bentley sedan to the valet attendant, who gave Mr. Bowers a valet ticket and drove the car away, presumably to park it on the property . . . When Mr. Bowers returned to the same valet stand later that night, he handed his ticket to a valet attendant. The valet attendant retrieved Mr. Bowers' Bentley sedan and Plaintiffs entered the vehicle, drove home, and parked the vehicle in their locked garage.

*Id*. at ¶¶15-18. Plaintiffs claim that items belonging to them were removed from the vehicle while it was in the custody of the valet attendant. *Id*. at ¶¶19-20, 27.

3. Plaintiffs sue TG, who they claim is vicariously liable for the actions of the valet attendant and/or Advantage, for theft, breach of contract, conversion, negligence, negligent entrustment, premises liability, violations of the Texas Theft Liability Act, and civil rights violations. Plaintiffs sue McGregor for civil rights violations.

### III. RULE 12(b)(6) STANDARD

4. A motion to dismiss under FRCP 12(b)(6) tests the sufficiency of the statement of the claim for relief.[2] FRCP 8 demands that a complaint, contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that simply offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[4] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

---

relief that is plausible on its face. *See* Doc. 5. On March 26, 2021, Plaintiffs filed their Second Amended Complaint. Doc. 7.

[2] *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).

[3] *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).

[4] *Id.*

[5] *Id.*

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] The Supreme Court has established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court identifies and disregards conclusory allegations, for they are "not entitled to the assumption of truth."[7] Second, the court considers the complaint's factual allegations to determine if they plausibly suggest an entitlement to relief."[8] The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully.[9] A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact."[10] As more fully set-forth below, the Complaint's factual allegations are either conclusory or unwarranted deductions of fact and thus they are not entitled to the presumption of truth. Because these facts must be disregarded, the Complaint does not plausibly suggest an entitlement to relief against TM or McGregor and the claims against them should be dismissed.

## IV.  ARGUMENTS AND AUTHORITIES

**A.    Plaintiffs fail to state a claim against TG for vicarious liability.**

6.    Plaintiffs' claims against TG for theft under the Texas Theft Liability Act, conversion, and civil rights violations are premised on TG's alleged vicarious liability for the acts of its "employees or agents".[11] To establish vicarious liability, the plaintiff is required to plead

---

[6] *Id.*

[7] *Iqbal*, 556 U.S. at 681.

[8] *Id.*

[9] *Id.*

[10] *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

[11] Plaintiffs also make conclusory allegations, without sufficient facts, that TG is vicariously liable under theories of actual authority, apparent authority, vice-principal, and or respondeat superior. *See* Doc. 7 at ¶90.

facts that suggest an agency relationship between the principal and the agent.[12] An agency relationship requires both the principal's control over the agent and the parties' consent to the agent's acting on the principal's behalf.[13] To adequately plead an agency relationship, plaintiff must allege facts to demonstrate the principal expressly controlled the agent or that the agent had apparent authority to act on the principal's behalf.[14]

7. Additionally, to sufficiently establish an agency relationship—and thereby a claim for vicarious liability—plaintiff must allege factual allegations regarding the principal's relationship with the purported agent—broad, general allegations are not sufficient.[15] Further, only the words or conduct of the alleged principal, not the alleged agent, establish the actual or apparent authority of an agent.[16]

8. Plaintiff's factual allegations regarding the alleged theft identify only a "valet attendant". Doc. 7 at ¶14-18. The Complaint contains no factual allegations that Plaintiffs gave the keys *to TG* or that *TG* took possession of the vehicle. And there are no facts pled that suggest an agency relationship between TG and the valet attendant or that the words or conduct *of TG*

---

[12] *Christiana Tr. v. Riddle*, 911 F.3d 799, 803 (5th Cir. 2018).

[13] *Id.* (citing *Meyer v. Holley*, 537 U.S. 280, 286, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003)); *Schakosky v. Client Services, Inc.*, 634 F.Supp.2d 732, 735 (E.D. Tex. 2007) ("Agency is a consensual, fiduciary relationship between two parties, an agent and a principal, where the agent agrees to act on the principal's behalf, subject to the principal's control, and the principal confers on the agent the power to act on the principal's behalf.").

[14] *Schakosky*, 634 F.Supp.2d at 736 (plaintiff's claims dismissed under Rule 12(b)(6) for failure to adequately plead vicarious liability through an agency relationship or ratification).

[15] *See Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471, at *4 (N.D. Ca. Apr. 24, 2019) (allegation that "[d]efendant was acting as an agent ... within the scope of said agency and/or employment with the full knowledge and consent of each of the other [d]efendants" was wholly conclusory and insufficient to plead vicarious liability); *see also Christiana Tr.*, 911 F.3d at 803-804 (general allegations that shed no light on the particular relationship between the principal and agent are insufficient to state a claim for relief based upon vicarious liability).

[16] *Schakosky*, 634 F.Supp.2d at 735-36 (dismissing agency-theory based claims where plaintiff baldly alleged "Citibank gave CSI express, implied, and/or apparent authority to act as its agent" and "CSI's actions and conduct are imputed to Citibank.").

establish the actual or apparent authority of the valet attendant. The "Vicarious Liability" claim in the Complaint states that the valet attendants were "either employees or contractors/authorized agents within the control of TG, LLC and/or Advantage" and "Advantage was an authorized agent within the control of TG, LLC." *Id.* at ¶87-88. But the Complaint is completely devoid of any nonconclusory facts showing that TG had control over the valet attendant or Advantage. Plaintiffs provide no support or explanation for how TG entered into or maintained a relationship with the valet attendant or Advantage or how such affiliation gave control or authority to the valet attendant or Advantage to act on behalf of TG. As a result, Plaintiffs have failed to adequately plead that TG had an agency relationship with the valet attendant or Advantage sufficient to establish vicarious liability and all claims against TG that are based upon the acts of the valet attendant or Advantage should be dismissed.

**B.     Plaintiffs fail to state a claim against TG under the Texas Theft Liability Act.**

9.    The Complaint fails to state a plausible claim against TG for violation of the Texas Theft Lability Act. As set forth above, Plaintiffs' claim for vicarious liability fails and thus any theft claim against TG that is premised on the actions of the valet attendant or Advantage also fails.

10.    A violation of the Texas Theft Liability Act occurs when (1) plaintiff's property is (2) unlawfully appropriated by defendant (3) with intent to deprive the owner of that property and (4) the plaintiff sustained damages as a result.[17] When a plaintiff fails to allege that defendant took plaintiff's property, the cause of action for theft must be dismissed.[18]

---

[17] *Phillips v. Copeland*, 01-12-00492-CV, 2013 WL 1932179, at *3 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (citing Tex. Civ. Prac. & Rem. Code §§ 134.002-05 (West 2011); Tex. Penal Code Ann. §§ 31.03(a)(b)(1), 31.04(a). (West Supp.2012); *Anderson v. State*, 322 S.W.3d 401, 407 (Tex.App.-Houston [14th Dist.] 2010, pet. ref'd)).

[18] *NA Ins. Services Holding Corp. v. HILB Group of Indiana, LLC*, 4:17CV600-ALM-KPJ, 2017 WL 5476797, at *3 (E.D. Tex. Oct. 23, 2017), report and recommendation adopted, 4:17-CV-600, 2017 WL 5187604 (E.D. Tex. Nov. 9, 2017).

11. The Complaint does not allege that TG took Plaintiffs' property or even had access to Plaintiffs' property. Rather, the Complaint alleges that: (1) Bowers handed the keys *to the valet attendant*, who drove the car away; (2) Bowers later handed his valet ticket *to a valet attendant*; and (3) *the valet attendant* retrieved the car and returned it to Bowers. Doc. 7 ¶¶15, 17, 18. Because Plaintiffs fail to identify actions *by TG* that could constitute misappropriation of Plaintiffs' property, their theft claim against TG is not plausible and must be dismissed.

C. **Plaintiffs fail to state a claim against TG for breach of contract.**

12. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[19] "[A] plaintiff in a breach of contract cause of action must prove that a valid contract existed between the plaintiff and the defendant," and that "defendant has obligated itself under the contract."[20] Nonparties to a contract cannot be liable for a breach of the contract.[21]

13. Plaintiffs' allege that they "contracted with defendants TG, LLC and/or Advantage to park and safeguard Plaintiffs' vehicle and their personal property contained therein." Doc. 7 ¶39. But Plaintiffs do not identify any contract between Plaintiffs and TG. The only potential agreement identified in the Complaint is a "valet ticket", but Plaintiffs fail to identify the parties to the ticket or its terms. *Id*. at ¶15-18. Because Plaintiffs fail to either identify a valid contract between themselves or offer any facts to suggest that TG contractually obligated itself to Plaintiffs, the breach of contract claim against TG should be dismissed.

---

[19] *Tyler v. Citi-Residential Lending Inc*., 812 F. Supp. 2d 784, 787 (N.D. Tex. 2011).

[20] *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citations omitted).

[21] *Id*.

6

**D.     Plaintiffs fail to state a claim against TG for conversion.**

14.     Plaintiffs' conversion claim against TG fails because it is premised on the actions of the valet attendant or Advantage. Plaintiffs allege that TG, through its "employees or agents, unlawfully and without authorization assumed and exercised control over Plaintiffs' personal property". Doc. 7 ¶46.

15.     To state a claim for conversion, a plaintiff must allege: "(1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property."[22]

16.     The Complaint does not allege that *TG* assumed and exercised control over any property belonging to Plaintiffs. Rather, the Complaint alleges that the valet attendant exercised control over the car. Doc. 7 ¶¶ 15, 17, 18. As set forth above, because Plaintiffs' claim for vicarious liability fails, any conversion claim against TG that is premised on the actions of the valet attendant or Advantage also fails.

**E.     Plaintiffs fail to state a claim against TG for negligence.**

17.     To state a claim for negligence, a plaintiff must "establish a duty, a breach of that duty, and damages proximately caused by the breach."[23] A duty is a "legally enforceable obligation to conform to a particular standard of conduct."[24] "Whether a duty exists is a threshold inquiry and

---

[22] *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 684 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

[23] *Ibanez v. Compass Bank*, CIV.A. M-12-68, 2012 WL 4434454, at *2 (S.D. Tex. Sept. 24, 2012) (court granted defendant's 12(b)(6) motion where plaintiff failed to establish a duty).

[24] *Id.* (quoting *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex.App.-Dallas 1993, writ denied)).

a question of law; liability cannot be imposed if no duty exists."[25] "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances."[26]

18.  Plaintiffs make the conclusory allegation that TG "undertook a duty of care to safeguard the vehicle and all personal property inside when they accepted delivery of the vehicle and its contents. . . ." Doc. 7 ¶51. The Complaint fails to allege any facts supporting the conclusory allegation that TG accepted delivery. To the contrary, Plaintiffs allege that the valet attendant accepted delivery. *Id*. at 15. The Complaint also fails to allege a special relationship or circumstance that would impose a duty on TG to take action or prevent harm to Plaintiffs. Because Plaintiffs fail to allege a plausible duty owed by TG, Plaintiffs' negligence claim against TG should be dismissed.

**F.    Plaintiffs fail to state a claim against TG for negligent entrustment.**

19.  To state a claim for negligent entrustment, a plaintiff must allege: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident."[27] Negligent entrustment is a method for attributing liability to the ***owner*** of a vehicle for entrusting it to another driver. In this case, ***Bowers*** claims to be the owner of the car. Because Plaintiffs have not alleged that TG entrusted a vehicle that it owns to anyone, the negligent entrustment claim against TG fails.

---

[25] *Id*. (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006)).

[26] *Id*. (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex.2000)) ("Without a duty, Plaintiffs cannot recover under a theory of negligence" and Plaintiffs negligence claim must be dismissed).

[27] *Cavazos v. Bettis*, SA-20-CV-00761-XR, 2020 WL 6325728, at *2 (W.D. Tex. Aug. 25, 2020) (quoting *AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 609 (Tex. App.--Eastland 2019, no pet.)(alterations in original).

20. In *Cavazos v. Bettis*, the court dismissed a negligent entrustment claim where plaintiff failed to allege that the driver was an unlicensed, incompetent, or reckless driver, and defendant must have known or had reason to know that the driver was unlicensed, incompetent, or reckless.[28] As in *Cavazos*, Plaintiffs fail to allege that an unlicensed, incompetent, or reckless driver took possession of Plaintiffs' vehicle or that TG must have known or had reason to know that the driver was an unlicensed, incompetent, or reckless driver. Therefore, Plaintiffs' negligent entrustment claim against TG should be dismissed.

### G. Plaintiffs fail to state a claim against TG for premises liability.

21. Plaintiffs allege that if their property was stolen by a third party then, TG, as owner and operator of Trinity Groves, has a duty "to persons parking their vehicles at Trinity Groves . . . to maintain safe premises at which personal property is not likely to be stolen from their vehicles." Doc. 7 ¶¶ 59-60.

22. A claim for premises liability requires the existence of a duty.[29] "The duty of a premises owner or occupier to provide protection arises from control of the premises; the duty does not extend beyond the limits of the premises owner's control."[30] An owner or occupier of property is not required to provide against the acts of third persons.[31] "Property owners owe a duty to those who may be harmed by the criminal activities of others on their property only if 'the injury be of such a general character as might reasonably have been anticipated' and the injured party is 'so situated with relation to the wrongful act that injury to him or to one similarly situated might

---

[28] *Id.*

[29] *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 527 (5th Cir. 2018).

[30] *Id.* at 528 (quoting *Dixon v. Hous. Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex. App.—Houston [1st Dist.] 1994, no writ).

[31] *Dixon*, 874 S.W.2d at 762–63 (citing *Naumann v. Windsor Gypsom, Inc.*, 749 S.W.2d 189, 191 (Tex.App.—San Antonio 1988, writ denied)).

9

reasonably have been foreseen.'"[32] Courts "evaluate foreseeability by considering both the foreseeability of the particular criminal conduct and the foreseeability that appellant or someone similarly situated would be harmed."[33] Where plaintiff's "allegations are not specific as to the nature of the risk posed, the foreseeability of the result, and the likelihood of injury," plaintiff's claims must be dismissed.[34]

23. Plaintiffs' premises liability claim fails because they admit that *the valet attendant* had custody and control of the vehicle. Doc. 7 ¶¶ 15, 17, 18, 60. Plaintiffs fail to plead sufficient facts suggesting that TG took custody or control of the vehicle. In addition, Plaintiffs state no facts that would indicate TG had control over Advantage or its employees.[35] Because a premises owner's duty does not extend beyond the limits of the premises owner's control, TG's duty does not extend to the actions of Advantage and its employees.[36] In addition, as in *Gatten*, Plaintiffs' allegations are not specific as to the nature of the risk posed, the foreseeability of the result, or the likelihood of injury.[37] The Complaint fails to state sufficient facts to support the imposition of a duty based on the foreseeability of the alleged criminal activity or the foreseeability that Plaintiffs or someone similarly situated would be harmed. Therefore, Plaintiffs' premises liability claim against TG must be dismissed.

---

[32] *Gatten v. McCarley*, 391 S.W.3d 669, 676 (Tex. App.—Dallas 2013, no pet.) (citations omitted).

[33] *Id.* (citing *Taylor v. Louis*, 349 S.W.3d 729, 733–34 (Tex. App.—Houston [14th Dist.] 2011, no pet.)).

[34] *Id.* ("There are not sufficient facts pleaded to support the imposition of a duty based on the foreseeability of Rosser's ultimate actions and the perception of the likelihood of injury to Cherilyn Gatten.")

[35] Plaintiffs make the conclusory allegation that TG "exercised control over the Trinity Grove premises," but fail to state facts that would show that TG had control over Advantage and its employees. *See* Doc. 7 ¶63.

[36] *See Smit v. SXSW Holdings, Inc.*, 903 F.3d at 527.

[37] *Gatten v. McCarley*, 391 S.W.3d at 676.

**H.      Plaintiffs fail to state a claim against McGregor or TG for violation of § 2000a.**

24.      To allege a violation of Title II, 42 U.S.C. § 2000a, plaintiff must allege that: (1) he/she is a member of a protected class; (2) he/she attempted to contract for the services of a public accommodation; (3) he/she was denied those services; and (4) the services were made available to similarly situated persons outside her protected class.[38] Title II authorizes a remedy in the form of injunctive relief, but does not provide for a remedy of money damages.[39]

25.      First, the Title II claim should be dismissed because Plaintiffs seek only monetary damages, and such relief is not available under the statute.[40] Doc. 7 at ¶¶91-96, 98. Second, the Title II claim must be dismissed because Plaintiffs admit that they received the "parking services" for which they contracted. Doc. 7 at ¶¶14-18. Plaintiffs do not identify any other services for which they purportedly contracted. *Id.* at ¶¶71-81. Plaintiffs' alleged discovery of missing items days after the services were provided and Defendants alleged response to Plaintiffs' claim for reimbursement does not change the fact that the "parking services" were provided. And Plaintiffs' unfounded (and false) allegations that their property "would not have been stolen from their vehicle if Plaintiffs were White" and "their claims would have been treated seriously if the claims had been made by White people" are the epitome of "naked assertions devoid of further factual enhancement".

---

[38] *Fahim v. Marriott Hotel Services, Inc*., 551 F.3d 344, 350 (5th Cir. 2008); *Fairley v. PM Mgmt.-San Antonio AL, L.L.C*., 724 Fed. Appx. 343, 345 (5th Cir. 2018).

[39] 42 U.S.C. §2000a-3; *Gebru v. Sears, Roebuck & Co*., No. CIV A 3:07CV2076-AH, 2009 WL 2705508, at *3 (N.D. Tex. Aug. 28, 2009); *Holloway v. Brinker Texas, Inc*., No. 4:07-CV-1986, 2008 WL 11503871, at *2 (S.D. Tex. Aug. 14, 2008).

[40] *Gebru*, 2009 WL 2705508, at *3 (dismissing Title II claim because plaintiff failed to plead facts showing likelihood of irreparable harm in the future if injunction not granted); *Holloway*, 2008 WL 11503871, at *2 ("The Court finds that Plaintiffs have not alleged any facts that illustrate that they face a real or immediate threat that they will be wronged again. Without the likelihood of substantial and immediate irreparable injury, the Court cannot issue injunctive relief. As such, it cannot reward attorney's fees to Plaintiffs.").

11

26. Regarding McGregor, the Complaint's factual allegations are that days after the parking services were provided, "[u]pon information and belief Mr. Bowers spoke with *one of Defendants Larry McGregor, Phil Romano, or Stuart Fitts*", and this person refused to return Plaintiffs' property, compensate them for their losses, or assist with the claim. Doc. 7 at ¶¶21-25. Plaintiffs fail to state the basis for why they believe the person on the alleged call was McGregor. Plaintiffs' claim "upon information and belief" that Bowers spoke with McGregor, without more, is not sufficient to assert a plausible Title II claim against McGregor. Regardless, the "place of public accommodation" alleged in the Complaint is "Trinity Groves," and McGregor, who is an individual, is obviously not a "public accommodation". Further, Plaintiffs do not allege that they attempted to contract with McGregor for parking services.

27. Because the Complaint seeks monetary damages and is wholly devoid of sufficient factual allegations to state a §2000a claim against McGregor or TG, such claim must be dismissed.

I. **Plaintiffs fail to state a claim against McGregor or TG for violation of § 1981.**

28. To properly state a claim for violation of 42 U.S.C. § 1981, a plaintiff must allege that: "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute; in this case, the making and enforcing of a contract."[41]

29. Like the Title II claim, the §1981 claim must be dismissed because the only potential contract identified in the Complaint is a "valet ticket", and Plaintiffs do not allege that TG or McGregor are parties to the "valet ticket". Doc. 7 at ¶15-18. Because Plaintiffs fail to offer any facts to suggest that TG or McGregor were parties to any contract, neither TG or McGregor

---

[41] *Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary LP*, 48 Fed.Appx. 103 (5th Cir. 2002) (citing *Bellows v. Amoco Oil Co*., 118 F.3d 268, 274 (5th Cir. 1997)).

could have discriminated against Plaintiffs in the "making or enforcement" of a contract under §1981, and that claim should be dismissed.

30. Moreover, the Complaint is completely void of any factual allegations regarding McGregor or TG's intent and fails to allege any statements or any other actions taken by McGregor or TG that discriminated against Plaintiffs. Instead, it contains only a conclusory allegation that McGregor and TG "were rude and dismissive of Mr. Bowers because he was Black" and that TG "refused to provide information to allow Plaintiffs to be made whole for their losses, which would not have been the response for a White customer of Trinity Groves." Doc. 7 at ¶83. Because McGregor and TG were not involved in Plaintiffs' valet contract with Advantage, they could not "provide information to allow Plaintiffs to be made whole for their losses." Thus, the Complaint is wholly devoid of any factual allegations to state a claim for relief under 42 U.S.C. § 1981 against McGregor or TG, and such claims must be dismissed.

## V. ATTORNEY FEES

31. In the event the Court rules in TG's favor as to the violation of the Texas Theft Liability Act, TG is entitled to attorney fees from Plaintiffs and hereby requests such fees, to be proven up after the Court's .[42]

## VI. CONCLUSION

Defendants Larry McGregor and Trinity Groves, LLC respectfully request that the Court dismiss Plaintiffs Thomas Bowers and Portia Johnson's claims against McGregor and TG and order attorneys' fees in favor of McGregor and TG.

---

[42] *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 753 Fed. Appx. 184, 190–91 (5th Cir. 2018) (citing Tex. Civ. Prac. & Rem. Code § 134.005(b) (The TTLA provides that a prevailing party, a party that successfully defends against a TTLA claim and secures a dismissal with prejudice, is entitled to attorneys' fees).

Dated:  April 9, 2021	Respectfully submitted,

By: */s/ Jenny L. Martinez*
Jenny L. Martinez
Texas State Bar No. 24013109
jmartinez@munckwilson.com
Alison L. Battiste
Texas State Bar No. 24062603
abattiste@munckwilson.com
Aaron B. Gottlieb
Texas State Bar No.24069815
agottlieb@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**ATTORNEYS FOR DEFENDANTS TRINITY GROVES, LLC AND LARRY MCGREGOR**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of April 2021, a true and correct copy of the above and foregoing has been served upon all counsel in accordance with the Federal Rules of Civil Procedure.

*/s/ Jenny L. Martinez*
Jenny L. Martinez

880895